**Karnail Singh BASSI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73555.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

Karnail Singh Bassi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision denying Bassi's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

We review for substantial evidence a finding of adverse credibility. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). An adverse credibility determination will be upheld when "it is based on a specific, cogent reason," such as "serious inconsistencies in the applicant's testimony that go to the heart of his application." *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (internal citations omitted). We must uphold the IJ's and BIA's findings unless the evidence presented would compel a reasonable finder of fact to reach a contrary result. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999).

Substantial evidence supports the IJ's and BIA's adverse credibility determination. As the IJ and BIA found, Bassi's explanation that he did not leave India before 1999 because he did not have any problems with the police is inconsistent with, and directly undercuts, his testimony that he feared for his life based on events in 1990 and 1993. *See Malhi v. INS*, 336

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 989, 993 (9th Cir.2003). In addition, it was not unreasonable for the IJ and BIA to base the adverse credibility determination on the fact that Bassi failed to mention the 1990 arrest and two week detention on his asylum application. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir. 2004).

■ Because Bassi failed to show that he was eligible for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Because Bassi's claim under the CAT are based on the same testimonial and documentary evidence that the IJ determined to be not credible in connection with his asylum claim, the IJ also properly denied Bassi protection under the CAT. *See id.* at 1156–57.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Bassi's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**